**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ALAN HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO: _____ |
| | § | |
| NETWORTH REALTY USA, LLC, | § | |
| NETWORTH REALTY OF HOUSTON, LLC, and | § | |
| SCOTT McCLELLAN, | § | |
| | § | |
| Defendants. | § | JURY DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Alan Hernandez brings this Original Complaint to recover unpaid overtime wages from Defendants Networth Realty USA, LLC, Networth Realty of Houston, LLC, and Scott McClellan (collectively, "Defendants").

**A. Nature of the Action**

**Overtime claim under the Fair Labor Standards Act**

1.     The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers. . . ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA sets overtime pay requirements for covered employees. 29 U.S.C. § 207(a).

2.     Defendants violated the FLSA when they failed to pay Hernandez at one and one half times his regular rate of pay for hours worked in excess of forty hours per week. Accordingly, Hernandez brings this Original Complaint under Section 216(b) of the FLSA to recover unpaid overtime wages.

## B. Jurisdiction

3.  Pursuant to 28 U.S.C. Section 1331 and FLSA Section 16(b), 29 U.S.C. Section 216(b), this Court has jurisdiction over the subject matter of this action.

4.  Plaintiff's overtime claim arises under the FLSA.  29 U.S.C. §§ 207(a)(1) and 216(b).  In connection with the acts and course of conduct alleged in this complaint, Defendants are employers covered by the FLSA.  29 U.S.C. § 203(d).  Defendants have availed themselves of the jurisdiction of this Court by working and doing business within this Court's jurisdiction.

## C. Venue

5.  Venue is proper in this district because Defendants are residents of this district and a substantial part of the acts and conduct charged herein occurred in this district.  28 U.S.C. § 1391(b).

## D. The Parties

6.  Plaintiff Alan Hernandez is a resident of Harris County, Texas.  He was an employee of Defendants.

7.  Defendants jointly employed Hernandez as a salesman.  Defendants determined the conditions of employment, exercised control over Hernandez, and set his rate of pay. *Hodgson v. Griffin & Brand, Inc.*, 471 F.2d 235, 237-38 (5th Cir. 1973), *cert. denied*, *Griffin & Brand, Inc. v. Brennan*, 414 U.S. 819 (1973).

8.  Defendants' principal place of business is located in the Southern District of Texas, Houston Division.

9.  Defendant Networth Realty USA, LLC is a Texas limited liability company with its principal place of business at 6110 Richmond Avenue, Houston, Texas 77057.  It may be served with process by serving its Registered Agent, Scott McClellan at 5302 Yarwell Dr.,

**Plaintiff's Original Complaint**                                         Page **2** of **6**

Houston, Texas 77096, or wherever he may be found.

10.     Defendant Networth Realty of Houston, LLC is a Texas limited liability company with its principal place of business at 6110 Richmond Avenue, Houston, Texas 77057.  It may be served with process by serving its Registered Agent, Scott McClellan at 5302 Yarwell Dr., Houston, Texas 77096, or wherever he may be found.

11.     Defendant Scott McClellan is an individual residing in Harris County, Texas.  He acted in the interest of an employer, and had the authority to direct Hernandez's day-to-day activities.  Thus, he is an employer under the FLSA.  29 U.S.C. § 203(d); *Donovan v. Sabine Irrigation Co.*, 695 F.2d 190, 194-95 (5th Cir. 1983), *cert. denied*, *Alberding v. Donovan*, 463 U.S. 1207 (1983).  He may be served with process at his residence, 5302 Yarwell Dr., Houston, Texas 77096, or wherever he may be found.

### E.  Facts

 **Defendants failed to pay Hernandez for hours worked in excess of forty hours per week.**

12.     Networth Realty USA, LLC and Networth Realty of Houston, LLC are engaged in the purchase and sale of residential properties on a wholesale basis to real estate investors and builders. Their clients are both companies and individuals.

13.     Hernandez was employed with Networth Realty USA, LLC and Networth Realty of Houston, LLC as a salesman.  He contacted various potential customers and sold the services provided by these two companies.

14.     Hernandez was an employee with Defendants until his resignation on April 18, 2012.

15.     Defendants regularly directed his work.

**Plaintiff's Original Complaint**                                                     Page **3** of **6**

16.     On or around June 1, 2008, Hernandez started working for Defendants. Defendants agreed to pay him commissions of 50% of NetWorth fees paid upon closing and funding.

17.     During his employment with Defendants, Hernandez regularly worked more than forty hours per week.  Defendants paid him on a commission basis.   However, Defendants failed to pay Hernandez for all hours worked in excess of forty hours per week at one and one half times his "regular rate."

**Defendants' illegal actions were and are willful violations.**

18.     The illegal pattern or practice on the part of Defendants with respect to overtime compensation was in violation of the FLSA.  No exemption excuses Defendants from paying Hernandez at his overtime rate.  Nor have Defendants made a good faith effort to comply with the FLSA.  Rather, Defendants knowingly, willfully and/or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation and the payment of wages to Hernandez.

### F.   Cause of Action 1:  Failure to pay overtime wages under the FLSA

19.     Hernandez incorporates herein by reference all allegations contained in paragraphs 1 through 19.

20.     Defendants' practice of failing to pay Hernandez all overtime compensation at one and one half times his regular rate for all work in excess of forty (40) hours was and is in violation of the FLSA.  29 U.S.C. § 207(a).  Accordingly, Hernandez is entitled to payment for all overtime hours worked in an amount that is one and one half times his regular rate of pay.

21.    No exemption applies to Hernandez.

## G. Damages

22.    As a direct and proximate result of the Defendants' conduct, Plaintiff suffered the following injuries and damages:

   a.    Unpaid overtime wages under the FLSA;

   b.    Liquidated damages in an amount equivalent to unpaid overtime wages;

   c.    Unpaid bonuses;

   d.    All reasonable and necessary attorneys' fees; and

   e.    All reasonable and necessary costs incurred in pursuing this lawsuit.

## H. Attorney Fees & Costs

23.    Plaintiff is entitled to an award of attorney fees and costs under 29 U.S.C. Section 216(b).  Plaintiff is also entitled to an award of attorney fees and costs under TEX. CIV. PRAC. & REM. CODE § 38.001.

## I. Jury Request

24.    Plaintiff requests a jury trial and tenders the appropriate jury fee in connection with the filing of this complaint.

## J. Prayer

25.    For these reasons, Plaintiff Alan Hernandez respectfully requests this Court to:

   a.    Declare that Defendants Networth Realty USA, LLC, Networth Realty of Houston, LLC, and Scott McClellan have violated the overtime provisions of the FLSA as to Plaintiff;

   b.    Declare the Defendants' violations of the FLSA to be willful;

**Plaintiff's Original Complaint**                                           Page **5** of **6**

c.   Award Plaintiff damages for the amount of unpaid overtime compensation and bonuses subject to proof at trial;

d.   Award Plaintiff an equal amount as liquidated damages as allowed under the FLSA;

e.   Award Plaintiff reasonable attorneys' fees, costs and expenses of this action as provided by the FLSA; and

f.   Award any other relief to which he is entitled under law or equity.

Respectfully submitted,

 /s/  Charles A. Sturm
Charles A. Sturm
Texas Bar No. 24003020
Federal Bar No. 21777
Bank of America Center
700 Louisiana, 48th Floor
Houston, Texas 77002
(713) 659-2600 [Telephone]
(713) 659-2601 [Facsimile]
csturm@steelesturm.com

ATTORNEY-IN-CHARGE FOR
PLAINTIFF ALAN HERNANDEZ

OF COUNSEL:
STEELE STURM, PLLC
Michael Samford
Texas Bar No. 17555650
Federal Bar No. 59171
Victor Ang
Texas Bar No. 24059382
Federal Bar No. 962896
Bank of America Center
700 Louisiana, 48th Floor
Houston, Texas 77002
(713) 659-2600 [Telephone]
(713) 659-2601 [Facsimile]

**Plaintiff's Original Complaint**                                    Page **6** of **6**